JEANNE M. CAMARA & another[1] *vs.* BOARD OF APPEALS OF
TEWKSBURY & others.[2]

No. 95-P-339.

Middlesex. February 13, 1996. - March 22, 1996.

Present: BROWN, PORADA, & FLANNERY, JJ.

*Zoning,* By-law, Nonconforming use or structure. *Evidence,* Judicial notice.

A Superior Court judge could properly rely on *Lanner* v. *Board of Appeals of Tewksbury,* 348 Mass. 220 (1964), to establish that the Tewksbury zoning by-law, which restricted the entire town to residential and farming uses, was first adopted in 1947, and he correctly concluded that the business use of certain property by owners who acquired the locus in 1973 was not protected as an existing nonconforming use under G. L. c. 40A, § 6. [210-211]

CIVIL ACTION commenced in the Superior Court Department on March 4, 1992.

The case was heard by *Thayer Fremont-Smith,* J.

The case was submitted on briefs.

*Jorge A. Elias* for George E. Frotton, Jr., & another.

*Jeanne M. Camara & Thomas M. Camara,* pro se.

BROWN, J. The defendants George E. Frotton, Jr., and Patricia A. Frotton appeal from the judgment entered in the plaintiffs' favor, whereby the Frottons' use of their Tewksbury property (locus) was determined to be in violation of the Tewksbury zoning by-law. The locus had apparently become overrun with vehicles and equipment, going far beyond the use of the prior owner, and could not qualify as a protected nonconforming use unless the Frottons could prove that Tewksbury had adopted its first zoning by-law subsequent to 1973, the year in which they acquired the locus. The Frottons

[1]Thomas M. Camara.

[2]The special building inspector of Tewksbury, George E. Frotton, Jr., and Patricia A. Frotton.

dispute the judge's finding that the Tewksbury zoning by-law was adopted in 1947, rendering the Frottons' use unprotected as a nonconforming use under G. L. c. 40A, § 6. We affirm.

We summarize the judge's findings, which are supported by the evidence. The locus is located at 116 Old Boston Road in Tewksbury. The plaintiffs, who live within sight of the locus, applied to the town's building inspector to enforce the zoning by-law as it applied to the locus. Thomas Camara, the sole witness at the jury-waived trial, testified that prior to the Frottons' acquisition of the locus in 1973 the locus was owned by the Lyes. The Lyes had purchased the locus in 1951, four years after the plaintiffs assert that the town had adopted its first zoning by-law. According to Camara, the Lyes had stored, at most, two tractor trailer units and a dump truck on the locus. By contrast, the judge found that the Frottons were storing from fifteen to twenty unregistered vehicles and pieces of heavy equipment, as well as a storage trailer and a mobile home, on the locus, and that the Frottons also operated a repair garage there.

The judge determined that the Tewksbury zoning by-law was adopted in 1947 and restricted the entire town to residential and farming uses; existing businesses could continue as nonconforming uses. In light of the Frottons' acquisition of the locus in 1973, the judge found that the Frottons' activities there would not be protected as nonconforming uses under G. L. c. 40A, § 6. The judge accordingly concluded that the Frottons' use of the locus, without the requisite special permits or licenses, was in violation of the Tewksbury zoning by-law. The judge ordered the Frottons to cease and desist all such activity unless and until they obtained the necessary special permits from the town.

The Frottons premise their appeal on the plaintiffs' failure to introduce at trial evidence to support the judge's finding that Tewksbury adopted its first zoning by-law in 1947. The Frottons argue that the only by-law in evidence was a version adopted in 1975, which was after their acquisition of the locus.

The Frottons correctly point out that the judge could not have taken judicial notice of municipal by-laws not in evidence. See *Gaunt* v. *Board of Appeals of Methuen*, 327 Mass. 380, 381 (1951); *Warren* v. *Zoning Bd. of Appeals of Amherst*, 383 Mass. 1, 8 (1981). Here, however, the judge instead relied

on findings in an earlier Supreme Judicial Court opinion, *Lanner* v. *Board of Appeal of Tewksbury*, 348 Mass. 220, 226 (1964), which the plaintiffs brought to the judge's attention and which addressed the history of the Tewksbury zoning by-law.[3] Those findings were expressly acknowledged in that case by the court as supported by the evidence.[4]

The judge properly could rely on the *Lanner* opinion to establish that the Tewksbury zoning by-law was first adopted in 1947 and that the Frottons' use of the locus was not a prior nonconforming use. See *Cosmopolitan Trust Co.* v. *Suffolk Knitting Mills*, 247 Mass. 530, 532 (1924); *Flynn* v. *Brassard*, 1 Mass. App. Ct. 678, 681 (1974); *General Elec. Co.* v. *Maurice Callahan & Sons, Inc.*, 2 Mass. App. Ct. 124, 131 n.6 (1974). See also *Matter of Keenan*, 314 Mass. 544, 548 (1943) (court cited to the facts from the respondent's disbarment proceedings in reviewing his petition for reinstatement, noting that "[w]e cannot profess to be judicially ignorant now of matters spread upon our own records of which we were fully cognizant . . ."); *Matter of Welansky*, 319 Mass. 205, 210 (1946) (the trial judge's judicial notice of earlier criminal proceedings and of the opinion of the Supreme Judicial Court affirming the petitioner's conviction was appropriate). The judge correctly ruled that the Frottons had failed to meet their burden of proving that their storage of multiple vehicles, and other infractions of the current zoning by-law, were protected under G. L. c. 40A, § 6, as a nonconforming use.[5]

*Judgment affirmed.*

[3]This was not the only evidence before the judge. There was testimony that the previous owner of the locus had applied for a variance of the setback requirements in 1958, from which the judge could have inferred that a zoning by-law existed at least as of that date; otherwise, no variance would have been necessary. See G. L. c. 40A, § 10.

[4]*Commonwealth* v. *Green*, 408 Mass. 48, 50 (1990), is inapposite to the present circumstances for the reason, if no other, that the judge in the case before us did not omit a necessary fact but relied on facts derived from an opinion of the Supreme Judicial Court.

[5]As to the Frottons' assertion that the town cannot impose the requirement of a special permit to maintain a contractor yard when that use is available "as of right," we agree with the reasoning of the judge that § 4.6. G of the by-law, by its plain language, conditions all listed industrial uses on the granting of a special permit under § 4.11.