COMMONWEALTH *VS.* DONALD R. THURSTON.[1]

No. 00-P-53.

Suffolk. June 8, 2001. - January 10, 2002.

Present: LAURENCE, KANTROWITZ, & KAFKER, JJ.

*Constitutional Law,* Sentence. *Due Process of Law,* Sentence. *Practice, Criminal,* Plea, Sentence.

On a motion for a new trial filed twelve years after the defendant pleaded guilty to charges of rape of a child and indecent assault and battery on that child, on the ground that the defendant had been misled as to the penal consequences of his plea, the defendant failed to meet his heavy burden of demonstrating that his guilty pleas were not knowingly and intelligently proffered, where the defendant's contentions were insufficient to afford him relief under applicable precedent, and where the defendant's unexplained inaction regarding the matter for almost a decade, the telling omissions from the defendant's motion, a proper contextual view of the plea record, and the basically implausible nature of the defendant's claim, all belied the defendant's contentions. [549-557]

INDICTMENTS found and returned in the Superior Court Department on August 15, 1984.

Guilty pleas were accepted by *George C. Keady, Jr., J.,* and a motion for a new trial, filed on February 11, 1999, was heard by *Elizabeth B. Donovan, J.*

*Richard L. Goldman* for the defendant.

*Jane A. Sullivan,* Assistant District Attorney, for the Commonwealth.

LAURENCE, J. Almost twelve years after his September, 1987, pleas of guilty to charges of rape of a six year old child and indecent assault and battery on that child, the defendant, Donald R. Thurston, moved to withdraw those pleas and for a new trial. His motion alleged that he had been misled as to the penal consequences of his pleas. Specifically, he claimed that the plea

---

[1]Also known as Donald R. Johnson.

judge, the prosecutor, and defense counsel had all induced him to believe that, despite receiving a formal sentence of twenty years at M.C.I., Concord, on the rape charge, he actually would have to serve no more than two years in state prison pursuant to a plea agreement. Instead, he has been incarcerated ever since that time. In August, 1999, a second judge (the plea judge having retired) denied the motion without an evidentiary hearing, a ruling here challenged as an abuse of discretion.

The defendant's argument hinges on the following language addressed to him by the plea judge after his change of pleas to guilty on both indictments and the judge's conference with counsel regarding their plea agreement and joint sentencing recommendation on the rape charge: "I have talked with your lawyer and with the District Attorney, and I've indicated to them that I would sentence you to twenty years at Concord. Now, under the present procedures, that means you would serve two years." (The judge then stated that he would also impose, from and after the Concord sentence, a three- to five-year sentence "at Walpole" on the indecent assault and battery conviction, suspended with a two-year probationary period, also in accordance with the joint recommendation.) The statement "you would serve two years" plainly reveals, the defendant contends, the intention and understanding of all involved in the proceeding that he would serve a maximum of two years of incarceration on all charges. He asserts that he reasonably relied on that understanding in tendering his pleas, notwithstanding repeated explicit references in the course of the proceeding to his receiving a sentence of "twenty years at Concord." Therefore, he argues, he should have served only the two years supposedly intended by the judge rather than being continuously incarcerated since September, 1987 (presently at M.C.I., Norfolk). (The defendant does not challenge the exemplary plea colloquy in any other respect, nor does he assert any lack of compliance with Mass.R.Crim.P. 12[c], as amended, 399 Mass. 1215 [1987]).

Our review of the record convinces us that the defendant has failed to meet his heavy burden of demonstrating that his guilty pleas were not knowingly and intelligently proffered. We are persuaded that the motion judge correctly determined that the

defendant's motion, supported solely by his self-serving affidavit, did not raise a substantial issue worthy of an evidentiary hearing. We view the defendant's contentions as not only insufficient to afford him relief under applicable precedent, but also belied by his unexplained inaction regarding the matter for almost a decade, by the telling omissions from his motion, by a proper contextual view of the plea record, and by the basically implausible nature of his claim, smacking of after-the-fact contrivance.

That claim appears undermined by the ratio decidendi of *Commonwealth* v. *McGuinness*, 421 Mass. 472 (1995). There, McGuinness pled guilty in 1990 to a charge of armed robbery (which, like the rape charge here, carried a potential maximum sentence of life imprisonment, see G. L. c. 265, §§ 17, 23). He, like the defendant here, received a sentence of twenty years at M.C.I., Concord, which, as a consequence, made him eligible for parole after two years, *id.* at 473, under the applicable statutory and regulatory scheme in place at the time. (See discussion *infra.*) The sentencing judge expressly stated during those proceedings that it was his intention that McGuinness should serve only two years (which is essentially the contention made here), with the balance suspended for a probationary period; and, should the parole board fail to release McGuinness after serving two years, he (the sentencing judge) would do so, acting on a previously filed motion to revise or revoke the sentence. *Id.* at 474-475. The Supreme Judicial Court, finding the original sentence legal and not based on a major misunderstanding by the judge as to the lawful bounds of his sentencing authority, rejected McGuinness's argument that the judge's stated intention should give him the right to withdraw his guilty plea and stand trial when neither the parole board nor the judge was subsequently willing to limit his term of incarceration to two years (because of his bad conduct at Concord). *Id.* at 475-476.

The defendant's assertion that *Commonwealth* v. *McGuinness* should not apply to his situation because the judge there had expressed his intention after, and not before, plea and sentencing is unpersuasive in light of the court's citation (*id.* at 476 n.4) of *Commonwealth* v. *Amirault*, 415 Mass. 112 (1993), for the proposition that a judge may not constitutionally interfere

with the discretionary executive function of the parole board; in *Commonwealth* v. *Amirault,* the judge had expressed an intention to limit the sentence imposed "at the time of sentencing," *id.* at 116, which is basically what occurred here. In any event, the defendant here did tender his guilty pleas and admit to the facts of the crime, and the sentences had been agreed upon among the judge and counsel, all prior to the colloquy regarding sentencing on which he relies.

Wholly aside from *Commonwealth* v. *McGuinness,* there is no merit to the defendant's position under conventional doctrine. His new trial motion, like all such attacks on the validity of guilty pleas (including the assertion that the motion raises such a substantial issue that it merits an evidentiary hearing), is addressed to the sound discretion of the judge, see *Commonwealth* v. *Smith,* 381 Mass. 141, 142 (1980); *Commonwealth* v. *Fanelli,* 412 Mass. 497, 504 (1992), whose disposition will not be upset unless shown not only to have been an abuse of that discretion but also to have produced a manifestly unjust result. See *Commonwealth* v. *Little,* 384 Mass. 262, 269 (1981); *Commonwealth* v. *Grant,* 426 Mass. 667, 673 (1998). Those are stringent standards, which should be applied "rigorously." *Commonwealth* v. *DeMarco,* 387 Mass. 481, 487 (1982).

Whether an evidentiary hearing should be held on such a motion depends not just on the defendant's presenting a serious or substantial issue, but also on his making a credible and adequate showing thereon. See *Commonwealth* v. *Stewart,* 383 Mass. 253, 257-258 (1981). The motion judge may properly determine the issues raised solely on affidavits, *id.* at 259-260, the credibility, weight and impact of which are also entirely within her discretion, even if she did not preside at the trial; she is not required to credit an affidavit even if it is undisputed. See *Commonwealth* v. *Grace,* 370 Mass. 746, 752 (1976); *Commonwealth* v. *Grace,* 397 Mass. 303, 307 (1986); *Commonwealth* v. *Gould,* 413 Mass. 707, 716 n.9 (1992); *Commonwealth* v. *Jones,* 432 Mass. 623, 633-634 (2000); *Commonwealth* v. *Pingaro,* 44 Mass. App. Ct. 41, 48 (1997). The judge should only "grant a postsentence motion to withdraw a [guilty] plea if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Com-

monwealth" (footnotes omitted). *Commonwealth* v. *DeMarco*, 387 Mass. at 486. Such a risk inevitably inheres in a motion seeking to overturn an ancient conviction. See *Commonwealth* v. *Pingaro*, 44 Mass. App. Ct. at 54-55.

The motion judge's determinations in this case — that the defendant's affidavit was not to be credited, that he had not come forward with a credible reason to support his motion, and that he had not presented an adequate factual basis to warrant an evidentiary hearing — were all within her discretion on this record and in light of applicable law. In exercising her discretion, she could take into consideration a number of significant factors that deprived the defendant's affidavit and underlying argument of probative force.

First, the defendant was exposed, at the hearing on the motion, as having misrepresented his criminal record to the plea judge, to whom he had stated in mitigation (through counsel) that he had no prior convictions. In fact (as the Commonwealth brought out at the hearing), it was discovered in 1989 that he had earlier been indicted in Pennsylvania for "deviate sexual intercourse" (with a five year old victim) and "corruption of a minor," had pled guilty to the latter charge, and had been committed to a State correctional institution — revelations permitting a damning inference against his credibility and good faith. See *Commonwealth* v. *Pingaro*, 44 Mass. App. Ct. at 51-52.

The defendant's almost decade-long — and entirely unexplained — delay in bringing his motion was a circumstance particularly engendering disbelief about his supposed plight. As the motion judge observed, had he truly believed that he had pled guilty in exchange for a sentence of incarceration guaranteed to be no longer than two years, he surely would not have "waited 9½ years beyond his alleged understanding of the period of incarceration before seeking relief." Indeed, the scenario his motion depicts — he pled guilty because of the assurance that he would be imprisoned for no more than two years, those two years went by (while the plea judge was still on the bench) without his being released, but he only realized that he had been denied the benefit of his alleged bargain after serving nine and one-half additional years behind bars — appears to lack even the color of speciousness and would provide

sufficient basis for rejection of his claim. See *Commonwealth* v. *Quinones*, 414 Mass. 423, 435 (1993); *Commonwealth* v. *Duest*, 26 Mass. App. Ct. 137, 148 (1988); *Commonwealth* v. *Facella*, 42 Mass. App. Ct. 354, 354-355 (1996); *Commonwealth* v. *Pingaro*, 44 Mass. App. Ct. at 52. Contrast *Commonwealth* v. *Conaghan*, 433 Mass. 105, 109-110 (2000) (delay of four and one-half years before seeking to withdraw guilty plea did not impair movant's credibility where delay may have been caused by battered woman's syndrome).

That the defendant was represented by and had the advice of counsel throughout the plea and sentencing process is a specially weighty factor casting doubt on the veracity of his version of events and his supposed misunderstanding, even were they not inherently improbable. See *Commonwealth* v. *Grant*, 426 Mass. at 671-672; *Commonwealth* v. *Cepulonis*, 9 Mass. App. Ct. 302, 311 (1980); *Commonwealth* v. *Russell*, 37 Mass. App. Ct. 152, 157 (1994), cert. denied, 513 U.S. 1094 (1995). During the plea proceeding he expressed unqualified satisfaction with his counsel to the inquiring judge. He acknowledged that he had had sufficient time to speak with counsel regarding his pleas and the sentencing recommendation, "to discuss the whole matter with him," to ask and receive answers to "any and all questions which [he, the defendant,] had." Defense counsel assured the plea judge (in the defendant's presence) that the defendant was satisfied with his representation and that, after consultation with counsel, the defendant "understands what he's doing and the effects and consequences of it." (We observe, in this connection, that had trial counsel been mistaken in his belief and advice to his client as to the nature of the sentences to be received or other anticipated penal consequences of the guilty pleas, which is an implicit undercurrent of the defendant's affidavit, it would not necessarily undermine their validity. See *Commonwealth* v. *Stanton*, 2 Mass. App. Ct. 614, 621-622 [1974]; *Commonwealth* v. *Clerico*, 35 Mass. App. Ct. 407, 414 [1993]; *Commonwealth* v. *Indelicato*, 40 Mass. App. Ct. 944, 945 [1996]).

Further, as to the defendant's legal representation (which is not challenged as constitutionally ineffective in any respect), his motion is conspicuously marred by failing to include an af-

fidavit from his original defense counsel or to explain the absence of such affidavit. See *Commonwealth* v. *Lopez,* 426 Mass. 657, 665 (1998); *Commonwealth* v. *Chatman,* 10 Mass. App. Ct. 228, 231 (1980); *Commonwealth* v. *Crowe,* 21 Mass. App. Ct. 456, 486-487, cert denied sub nom. *Pirrotta* v. *Massachusetts,* 479 U.S. 838 (1986). Given his repeated averments that his lawyer had explicitly assured him he would serve no more than two years' incarceration as a result of the plea agreement, the striking omission of an affidavit from the very person who could, presumably willingly and zealously in the interest of justice, substantiate the defendant's core contention — and who is still engaged in criminal defense work, including appearing before this court, at the same address he had at the time of the plea proceeding, see *Camara* v. *Board of Appeals of Tewksbury,* 40 Mass. App. Ct. 209, 211 (1996) (judicial notice can be taken of the court's own records) — heightens the sense of disbelief of the defendant's entire cause.

Any vestiges of credibility in the defendant's tattered argument are dissipated by its notable elision of the plea judge's most significant words. The defendant totally ignores the critical phrase "under the present procedures," used in the midst of the judge's stating his intention to sentence the defendant on the rape conviction "to twenty years at Concord" while specifying that the suspended sentence on the assault and battery conviction would be "at Walpole." As the motion judge recognized, there is little doubt that the experienced plea judge's statement was intended, and was understood by all at the time, to mean that he was imposing a so-called "Concord sentence" on the rape conviction and that the reference to serving two years related not to a prediction of the maximum duration of the defendant's incarceration or a guarantee of an automatic release (which a sentencing judge should, of course, never make), but to parole eligibility. See *Commonwealth* v. *McGuinness,* 421 Mass. at 472-473; *Commonwealth* v. *Brown,* 431 Mass. 772, 778 (2000).

The Concord sentence was, until its abolition by the Truth-in-Sentencing Act, St. 1993, c. 432, § 20 (see 120 Code Mass. Regs. § 200.05[2] [1997]), a sentencing option widely used by Superior Court judges in the 1980's, accounting for almost half

of all incarcerations of convicted male offenders in the decade prior to the defendant's sentence. See Massachusetts Department of Correction, 1987 Court Commitments to the Massachusetts Department of Correction, at 3 (June 1988) (Figure 2). It was a legal term of art that involved, even for serious felonies, the imposition of an apparently long sentence on an individual deemed capable of rehabilitation (particularly a first-time offender, which the defendant was misrepresented as being), not to the State prison at M.C.I., Walpole (now called Cedar Junction) but rather to the State "reformatory" at M.C.I., Concord, with parole eligibility arising after a small fraction (here, just one-tenth) of the stated sentence pursuant to parole board policies and regulations. Had the defendant been sentenced on account of his felony conviction to a term of incarceration at Walpole/Cedar Junction in 1987, his parole eligibility date would not have come until he had served at least one-third (generally for nonviolent offenses) or two-thirds (generally for violent offenses) of his sentence.[2] Although there was (and is) no presumption of parole on the parole eligibility date, and the granting of parole was (and is) in the sole discretion of the parole board, see *Lanier* v. *Massachusetts Parole Bd.*, 396 Mass. 1018, 1018 (1986); *Commonwealth* v. *Amirault*, 415 Mass. at 116, around the time of the defendant's sentencing, seventy-five percent of the inmates serving Concord sentences were being released at their initial eligibility date. See 2 Blumenson, Massachusetts Criminal Defense § 40.9 B, at 40-35 n.117 (1990).

Against this background, and in light of the defendant's many credibility deficits, we find it so unlikely as to approach unbelievability that the veteran plea judge was not acutely aware of the nature of the garden-variety sentence he was requested to

---

[2]As to Concord sentences, see 120 Code Mass. Regs. §§ 200.01(2), 202.01 (1990); 120 Code Mass. Regs. § 200.04(2) (1997); Massachusetts Parole Board, A Guide to Parole in Massachusetts, at 14 (1987); *Commonwealth* v. *Hayes*, 372 Mass. 505, 508-511 (1977); *Commonwealth* v. *McGuinness*, 421 Mass. at 472-473; 2 Blumenson, Massachusetts Criminal Defense §§ 39.7 E 3, 40.3 B, 40.9 A & B (1990). Regarding sentences to Walpole/ Cedar Junction, see G. L. c. 127, § 133, as amended through St. 1986, c. 486; 120 Code Mass. Regs. §§ 200.01(3), 203.01 (1990); 120 Code Mass. Regs. § 200.04(3) (1997); Massachusetts Parole Board, *supra* at 13-14; 2 Blumenson, Massachusetts Criminal Defense §§ 39.7 E 2, 40.3 C, 40.9 A & B (1990).

impose on a defendant portrayed as worthy of leniency; or that the experienced defense counsel would have failed to explain to his client the implications and consequences of the well-known and common sentence agreed to be imposed; or that the defendant was not in fact well aware that in exchange for his guilty pleas he was receiving a nominally lengthy sentence which nonetheless gave him parole eligibility after serving only two years, despite having committed a serious and detestable crime for which he faced trial by a jury unlikely to be sympathetic to accused offenders of his stripe and the possibility of life imprisonment at trial's conclusion. Cf. *Commonwealth v. Cepulonis*, 9 Mass. App. Ct. at 310-311; *Commonwealth v. Sheridan*, 51 Mass. App. Ct. 74, 76-77 (2001).

The sentencing realities ignored in the defendant's motion provide further reason to discredit his underlying assertion that a full twenty-year term of incarceration was deceptively and unfairly thrust upon him in 1987. As just discussed, in the normal course of events he would have been eligible for, and typically would have been granted, parole after serving only two years, assuming good behavior. He did not, however, then receive, and has not since received, parole, for reasons he fails to describe and which he cannot justly attribute to the plea judge. (The Commonwealth argued to the motion judge and here that the 1989 discovery of the defendant's unrevealed prior conviction for a similar type of offense in Pennsylvania was at least a probable basis for the initial denial of his parole).

In the entirety of the circumstances, we conclude that at the time of his pleas and sentencing, the defendant could not have had any reasonable ground or expectation for believing that he was receiving, in consideration of his plea of guilty to a heinous crime, a sentence that gave him a certain release from incarceration at the end of two years. Cf. *Commonwealth v. Santiago*, 394 Mass. 25, 28 (1985). Indeed, he has not explicitly averred, much less shown, that he actually relied on his supposed version of events to his detriment. See *ibid*. He has failed to demonstrate at all, let alone with any plausibility, as he must, that had he been precisely informed by the plea judge that at the end of two years he would only be eligible for parole rather than being fully released from incarceration, it would have

made such a difference to him that he would not have pled guilty but would have preferred to be tried by a jury of his peers. See *Commonwealth* v. *Nolan,* 19 Mass. App. Ct. 491, 499 (1985); *Commonwealth* v. *Dozier,* 24 Mass. App. Ct. 961, 962 (1987); *Commonwealth* v. *Russell,* 37 Mass. App. Ct. at 157; *Commonwealth* v. *Rodriguez,* 52 Mass. App. Ct. 572, 580-581 (2001).

In other words, the defendant "has provided no plausible evidence that, if fully informed, he would have preferred to go to trial and face a [possible life] sentence if found guilty [of the rape charge]. He has not addressed why he would have benefited from going to trial, and he has made no claim of innocence. . . . He has not referred to weaknesses in the Commonwealth's case or to any possible defense. . . . He was offered and accepted a very favorable disposition of a serious felony charge . . . ." *Commonwealth* v. *Rodriquez, supra* at 581-582. The motion judge correctly determined that the record in this case did not justify the vacating of the defendant's guilty pleas, the convening of an evidentiary hearing, or the granting of a new trial. Her ruling was not an abuse of discretion and did not produce a manifestly unjust result.

> *Order denying motion for new trial affirmed.*