A Superior Court jury convicted the defendant of armed assault with intent to murder, assault by means of a dangerous weapon, and unlawful possession of a loaded firearm. His motion for a new trial, based on ineffective assistance of counsel, was denied. On appeal, the defendant claims the judge abused her discretion in denying the motion. Specifically, the defendant contends that his trial counsel was constitutionally ineffective for (1) failing to request a jury instruction on the lesser included offense of assault with intent to kill, (2) failing to call two witnesses, (3) failing to request a defense of others instruction, and (4) failing to request a mistrial. We affirm.
Background. We summarize the relevant facts as the jury could have found them. Police Officer William Delgado responded to a report of shots fired in Holyoke at approximately 10:15 P.M. He was alone, in an unmarked car, and in plain clothes. His police badge was displayed hanging from his neck. As he approached the area where the shots were reported, he observed two people walking toward him on South Elm Street. Officer Delgado stopped, exited his vehicle, identified himself as a police officer, drew his firearm, and ordered the individuals to the ground. They did not comply. After he repeated the command, the defendant drew a firearm and began shooting at Officer Delgado, who returned fire. No bullets struck Officer Delgado or the defendant. Officer Delgado dove into his vehicle and called for assistance. The exchange of gunfire briefly continued.
Other officers responded and arrested the second individual, Orlando Santiago, who they found in the middle of South Elm Street, on his knees, talking on a cellular telephone. The police tracked the defendant by following footprints in the snow and found him hiding under the deck of a residence nearby. A .357 magnum revolver was located under a vehicle parked in the driveway of 47 Converse Street.
The defendant advanced a theory of self-defense at trial. In relevant part, he testified as follows. Earlier that night he and Santiago had been fired upon by two unknown males. Later, as he and Santiago walked on South Elm Street, a vehicle pulled up and two men exited and began shooting at them. The defendant and Santiago fled. When the shooting stopped, the defendant returned to Santiago, who he saw on the ground. At that point the defendant "pulled out his gun and started shooting so [Santiago] could run." The other men returned fire. He did not know they were police officers.
Discussion. We review a judge's decision to deny a motion for a new trial "to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). We extend special deference to the motion judge where, as in this case, she was also the trial judge. Ibid. "Where a motion for a new trial is based on ineffective assistance of counsel, the defendant bears the burden of proving entitlement to a new trial by showing that the behavior of counsel fell below that of an ordinary, fallible lawyer and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.' " Commonwealth v. Comita, 441 Mass. 86, 90 (2004), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96-97 (1974).
1. Lesser included offense. The defendant claims that his trial counsel was constitutionally ineffective for failure to request a jury instruction on the lesser included offense of assault with intent to kill. To convict a defendant of assault with intent to murder, the Commonwealth must establish "proof of assault (while armed with a dangerous weapon) and a specific intent to kill that equates with malice." Commonwealth v. Vick, 454 Mass. 418, 428 (2009). The lesser included offense of assault with intent to kill requires proof of an assault with the specific intent to kill, and a mitigating factor. Ibid. Mitigating factors are "reasonable provocation, sudden combat, or excessive [use of] force in self-defense." Id. at 429 (quotation omitted). Reasonable provocation, which may take the form of sudden combat, must have caused the defendant to "lose his self-control in the heat of passion" and commit the assault "before sufficient time had elapsed for the [defendant's] temper to cool." Commonwealth v. Iacoviello, 90 Mass. App. Ct. 231, 242 (2016).
Although the defendant did not request an instruction on the lesser included offense of assault with intent to kill, the judge considered the instruction at the charge conference and ultimately rejected it, concluding "there was no mitigator that I have seen .... [W]e don't have provocation. We don't have excessive use of force even in the self-defense aspect." We agree. The evidence, even viewed in a light most favorable to the defendant, did not support mitigating factors of reasonable provocation, sudden combat, or excessive use of force in self-defense.
The defendant testified that he drew and fired his weapon only after he returned to Santiago on South Elm Street after the initial shooting ceased. He "started shooting so [Santiago] could run." It was only when he was fired upon again that he "panicked and ran." This evidence did not suggest a loss of self-control in the heat of passion. Moreover, the evidence did not support, and the defendant did not argue, that he used excessive force in self-defense.[2] Accordingly, an instruction on the lesser included offense of assault with intent to kill, even if requested, would not have "accomplished something material for the defense." Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977). The judge acted within her discretion in denying the motion for new trial on that basis.[3]
2. Failure to call witnesses. Defense counsel elected not to call percipient witnesses Jeanette Torres and Joanne Serrano at trial. In his motion for new trial, the defendant claimed that the failure to call these witnesses, who he claims would have testified that Officer Delgado shot first and failed to identify himself, constituted ineffective assistance of counsel. The judge denied the motion for new trial without a hearing, concluding that "[t]he defendant has not provided affidavits from [the witnesses] to support the defendant's claim that they would have provided exculpatory evidence had they been called." On appeal, the defendant claims that denial of the motion for new trial on this basis without a hearing was an abuse of discretion. See Grace, 397 Mass. at 307. We disagree.
An evidentiary hearing on a motion for new trial is required only if the motion and affidavits raise a substantial issue. Commonwealth v. Vaughn, 471 Mass. 398, 404 (2015). "In determining whether a 'substantial issue' ... has been raised, [the judge must] look not only at the seriousness of the issue asserted, but also to the adequacy of the defendant's showing on the issue raised."Ibid. The credibility and weight of the supporting affidavits are "entirely within the motion judge's discretion." Id. at 405. Here, while the identity of the party who fired the first shot was an important issue, the judge was not required to accept the defense investigators' affidavits regarding what they were told by the witnesses. In addition, as to this issue, the defendant's motion "[was] conspicuously marred by failing to include an affidavit from ... defense counsel ..."[4] Commonwealth v. Thurston, 53 Mass. App. Ct. 548, 553-554 (2002). For these reasons we discern no abuse of discretion in the denial of the motion for new trial without an evidentiary hearing.
Moreover, without some statement from trial counsel, we cannot conclude that his decision to call off the witnesses while they were en route to the court house was a manifestly unreasonable tactical decision. Commonwealth v. Aspen, 85 Mass. App. Ct. 278, 280 (2014), citing Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006) ("A strategic or tactical decision by counsel will not be considered ineffective assistance unless that decision was 'manifestly unreasonable' when made"). Accordingly, on this record, we are not persuaded that trial counsel's failure to call the witnesses at trial fell "measurably below that which might be expected from an ordinary fallible lawyer." Saferian, 366 Mass. at 96.
3. Remaining claims. The defendant's remaining claims of ineffective assistance of counsel-(1) that he should have either moved for a mistrial or to strike testimony when the motion for required finding of not guilty was allowed as to counts five through seven, and (2) that he should have requested a jury instruction on the defense of others-were not raised in the defendant's motion for new trial and are therefore waived. Mass.R.Crim.P. 30(c)(2), as appearing in 435 Mass. 1501 (2001). Commonwealth v. Deeran, 397 Mass. 136, 138-139 (1986). We review waived claims only for a substantial risk of a miscarriage of justice. See Commonwealth v. Randolph, 438 Mass. 290, 294-295 (2002). "The substantial risk standard requires us to determine 'if we have a serious doubt whether the result of the trial might have been different had the error not been made.' " Commonwealth v. Azar, 435 Mass. 675, 687 (2002), quoting from Commonwealth v. LeFave, 430 Mass. 169, 174 (1999). We have no such reservations in this case.
Nothing in trial counsel's affidavit or the trial record suggests that counsel's conduct following the required finding of not guilty on the last three indictments was anything but tactical. Even assuming, as the defendant claims, that a strategic election not to move for mistrial or to strike testimony was manifestly unreasonable, the judge instructed the jury that "the last three charges from that second day are not before you ... and thus, evidence related to those three charges are not going to the jury as a result." In light of this instruction, and the ample evidence supporting the first four indictments, we discern no substantial risk that justice miscarried.
Finally, notwithstanding the defendant's claim to the contrary, the judge was not required, sua sponte, to instruct the jury on a theory that the defendant did not advance at trial. Commonwealth v. Hakkila, 42 Mass. App. Ct. 129, 130-131 (1997). In light of the strength of the evidence against the defendant, we discern no substantial risk of a miscarriage of justice based on trial counsel's failure to request an instruction on defense of others or on the judge's failure to so instruct the jury.
Judgments affirmed.
Order denying motion for new trial affirmed.

The judge instructed the jury on self-defense at the defendant's request.

The Commonwealth conceded that trial counsel's unfamiliarity with the lesser included offense of assault with intent to kill established the first prong of the Saferian standard, even though the defendant was not entitled to the instruction. We do not share the Commonwealth's view that ignorance of an instruction that did not apply was behavior that fell measurably below that of an ordinary, fallible lawyer.

Trial counsel's affidavit addressed only his unfamiliarity with the lesser included offense of assault with intent to kill.