The defendant, David G. Howes, appeals from the order denying his motion to vacate his guilty pleas to two counts of indecent assault and battery on a person fourteen years of age or older.
 
 [2]
 

 ,
 

 [3]
 
 We affirm.
 

 Background
 
 . In May, 2016, the parties appeared for trial before a District Court judge. When the case was called, both the Commonwealth and defense counsel (later, plea counsel) answered ready for trial. At a sidebar conference, defense counsel requested that the case be resolved with a continuance without a finding.
 
 [4]
 
 The judge rejected the proposed disposition and ordered a ten-minute recess to "pull the jury" for trial. At the end of the recess, defense counsel informed the judge that the defendant would like a new attorney, that the defendant contacted a new attorney,
 
 [5]
 
 and that the new attorney had given dates when he would be available. The judge declined to continue the trial where the case was "368 days old," it had been pending in a trial posture for three months, both parties answered ready for trial at first call without raising the issue of new counsel, and the Commonwealth was prepared with an out-of-State witness.
 
 [6]
 
 After three additional recesses, the defendant pleaded guilty to each charge.
 

 In July, 2016, the defendant filed the motion to vacate his guilty pleas. In September, 2016, the same judge who accepted the pleas denied the motion without an evidentiary hearing, largely for the same reasons previously stated on the record before the pleas. The judge did not credit the claim that the attorney-client relationship irretrievably had broken down in the short time after the rejection of the proposed disposition at sidebar. In November, 2016, the defendant moved for reconsideration of the order denying the motion, which the judge denied. The defendant timely appealed both orders.
 

 Discussion
 
 . A motion to vacate a guilty plea is treated as a motion for new trial.
 
 Commonwealth
 
 v.
 
 Hiskin
 
 ,
 
 68 Mass. App. Ct. 633
 
 , 637 (2007). "Disposition of such a motion is within the judge's discretion, but a rigorous standard must be applied and a judge may only allow such a motion if it appears that justice may not have been done."
 

 Ibid
 

 .
 
 (quotation omitted). "The judge may rule on the issue or issues presented by such motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits." Mass.R.Crim.P. 30(c)(3), as appearing in
 
 435 Mass. 1501
 
 (2001). "Whether an evidentiary hearing should be held on such a motion depends not just on the defendant's presenting a serious or substantial issue, but also on his making a credible and adequate showing thereon."
 
 Commonwealth
 
 v.
 
 Thurston
 
 ,
 
 53 Mass. App. Ct. 548
 
 , 551 (2002).
 

 A plea is voluntary when it is "free from coercion, duress, or improper inducements."
 
 [7]
 

 Hiskin
 
 ,
 

 supra
 

 at 638
 
 . The defendant argues that his pleas were involuntary and the result of ineffective assistance of counsel, and requests an evidentiary hearing for a judge to consider plea counsel's unpreparedness for trial. Specifically, the defendant contends that he raised a substantial issue where he provided affidavits from himself and now-appellate counsel, as well as a transcript of a voicemail and a copy of an electronic mail message sent to his now-appellate counsel in the early hours of the day the case was called for trial, each of which he argues demonstrates plea counsel's unpreparedness for trial.
 

 The judge was not obligated to credit or to give weight to either affidavit. See
 
 Commonwealth
 
 v.
 
 Pingaro
 
 ,
 
 44 Mass. App. Ct. 41
 
 , 48 (1997) ("The credibility, weight, and impact of the affidavits in support of the motion are entirely within the judge's discretion"). Although the defendant raised concerns to his now-appellate counsel before the pleas, it is not surprising that a defendant set to stand trial on serious charges was stressed, questioning his counsel, or expressing fear of the outcome.
 

 Plea counsel's statements on the record contradict the defendant's assertions on appeal, where plea counsel told the judge that he "[c]ertainly" was ready for trial, and later stated that this was the first time that the defendant indicated a breakdown in communication. Moreover, the defendant did not submit an affidavit from plea counsel or the defendant's expert,
 
 [8]
 
 and now-appellate counsel did not opine that plea counsel's file was in any way inadequate.
 

 Furthermore, the defendant now contradicts his sworn responses during the plea colloquy, where he had the opportunity to raise any issues. The defendant responded affirmatively when asked if he was "giving up all these rights voluntarily, no one's forced you, threatened you, coerced you, you're doing this of your own free will." See
 
 Hiskin
 
 ,
 
 68 Mass. App. Ct. at 640
 
 .
 

 The defendant's case was pending for more than one year on the day of the scheduled trial, and plea counsel appeared on behalf of the defendant on past court dates, filed pretrial conference reports, arranged an expert, and previously communicated with the defendant. The judge did not abuse his discretion in denying the defendant's motion to vacate his guilty pleas without an evidentiary hearing.
 

 Order denying motion to vacate guilty pleas affirmed
 
 .
 

 Order denying consolidated motion for reconsideration affirmed
 
 .
 

 The complaint charged the defendant with one count of indecent assault and battery and one count of rape. The second count was reduced to indecent assault and battery during a pretrial conference.
 

 The defendant also appeals from the order denying his consolidated motion for reconsideration.
 

 The sidebar conference was not recorded. However, the judge summarized the discussion in the memorandum of decision denying the motion to vacate and the defendant does not dispute that summary.
 

 The defendant's proposed attorney later represented the defendant on the motion to vacate the guilty pleas and currently represents him on appeal.
 

 The defendant had an expert witness on standby to testify if a trial started that day.
 

 A guilty plea must be both intelligently and voluntarily made. See
 
 Commonwealth
 
 v.
 
 Furr
 
 ,
 
 454 Mass. 101
 
 , 106-107 (2009). The defendant only challenges the voluntariness of the pleas.
 

 The defendant contends that the expert was contacted only shortly before the scheduled trial date and would testify at an evidentiary hearing and confirm plea counsel's unpreparedness.