NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-629

COMMONWEALTH

vs.

GEORGE D. HAGGERTY, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant is incarcerated on concurrent life sentences stemming from his 1983 convictions of unarmed robbery and of burglary with assault on an occupant.  He was also convicted of murder in the first degree, but on appeal the Supreme Judicial Court vacated that conviction on the ground that trial counsel was ineffective.  See Commonwealth v. Haggerty, 400 Mass. 437 (1987) (Haggerty I).  Over thirty-five years later, the defendant filed a motion under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), seeking resentencing on his remaining convictions.  A Superior Court judge (motion judge) -- who, unsurprisingly given the passage of time, was not the trial

judge -- denied the defendant's motion, and the defendant appeals.  We affirm.

Background.  On the morning of June 16, 1982, the elderly victim was found in her apartment beaten beyond recognition. Earlier that morning, a police officer had seen the defendant acting suspiciously in the vicinity of the victim's apartment building.  The defendant's hands were bleeding, there was blood on his pants, and he had two watches in his pockets.  The officer released the defendant after seeing his identification, but later reported his observations of the defendant to police detectives after learning of the assault in the victim's apartment.  The police then executed a search warrant on the defendant's home and found two televisions and two watches belonging to the victim.  After several weeks in the hospital, the victim suffered a heart attack, and she died on August 11, 1982.

The jury convicted the defendant of murder in the first degree, unarmed robbery, burglary with assault on an occupant, and larceny.  At the sentencing hearing, trial counsel made no meaningful argument, stating instead that the sentences were "rather automatic."  The trial judge agreed and imposed the required life sentence on the murder conviction and concurrent life sentences on the convictions of unarmed robbery and of

2

burglary with assault on an occupant.  The larceny conviction was placed on file.

Soon after sentencing, new counsel (first postconviction counsel) moved for a new trial on the murder charge, claiming that trial counsel was ineffective for failing to investigate and pursue a defense that the defendant's actions were not the proximate cause of the victim's death.  The trial judge denied the motion, but on appeal the Supreme Judicial Court reversed and remanded "for a new trial solely on the indictment for murder in the first degree."  Haggerty I, 400 Mass. at 443.[1]  The court affirmed the convictions of unarmed robbery and of burglary with assault on an occupant, expressly acknowledging that the defendant was "serving concurrent life sentences" on those convictions.  Id.  First postconviction counsel then withdrew without taking any further action.

In or around 1991, once it became clear that the Commonwealth would not seek to retry the defendant on the murder charge, another attorney (second postconviction counsel) was appointed for the limited purpose of filing a motion to dismiss that charge.  Second postconviction counsel filed such a motion,

---

[1] The court concluded that trial counsel was ineffective for failing to "commence even a minimal investigation" into the issue of causation, Haggerty I, 400 Mass. at 443, while noting that "[t]he Commonwealth's evidence overwhelmingly showed that the defendant assaulted and beat the victim."  Id. at 441 n.9.

which was allowed.  He did not thereafter seek resentencing on the defendant's remaining convictions.

Despite appearing before the parole board several times, the defendant has never been granted parole.  He was most recently denied parole in early 2023.  A few months later, he filed his current motion for resentencing, claiming that this remedy was available to him under rule 30 (b) because justice was not done, or alternatively that resentencing was warranted because trial counsel and both postconviction counsel were ineffective.  After a nonevidentiary hearing, the motion judge rejected both arguments, concluding that rule 30 (b) was not the appropriate vehicle to seek resentencing unless the defendant could show that he received ineffective assistance of counsel, which he failed to do.  This appeal followed.

Discussion.  Because the motion judge was not the trial judge and did not conduct an evidentiary hearing, we review the denial of the defendant's motion de novo.  See Commonwealth v. Mazza, 484 Mass. 539, 547 (2020).

1. Availability of relief under rule 30 (b).  The defendant argues that rule 30 (b) entitles him to a resentencing hearing upon a showing that justice may not have been done, irrespective of whether any of his attorneys were ineffective. And justice was not done, he says, because of "judicial or

4

prosecutorial errors" in his case -- namely, the Supreme Judicial Court's failure in Haggerty I to order resentencing after vacating the murder conviction, and the Commonwealth's failure to move for resentencing after issuance of the rescript. According to the defendant, these errors resulted in a substantial risk that the concurrent life sentences he is serving "are far more punitive than what [he] would have received" had he been sentenced "without the specter of a felony murder conviction," thus warranting relief under rule 30 (b). We are unpersuaded.

As a procedural matter, we disagree with the defendant's contention that rule 30 (b) is an available means through which he may challenge the justice of his sentences. Instead, the proper vehicle to raise such a claim is Mass. R. Crim. P. 29 (a) (2), as appearing in 489 Mass. 1503 (2022), which authorizes a "trial judge, upon . . . the written motion of a defendant, filed within sixty days of a disposition [or] within sixty days of issuance of a rescript by an appellate court on direct review" to "revise or revoke [a] disposition if it appears that justice may not have been done."[2]  The sixty-day

---

[2] A defendant may also seek correction of an illegal sentence "at any time" under Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001).  "An illegal sentence is one that is not permitted by law for the offense committed." Commonwealth v. McGuiness, 421 Mass. 472, 475 (1995).

5

time limit in rule 29 (a) (2) is jurisdictional.  See Commonwealth v. DeJesus, 440 Mass. 147, 150-151 (2003).  Thus, because rule 29 (a) (2) expressly provides a mechanism for a defendant to seek modification of his sentence on the ground that it is unjust, we decline to construe rule 30 (b) to allow for the same relief.  Were we to conclude otherwise, it would render rule 29 (a) (2), and its jurisdictional time limit, meaningless because a motion under rule 30 (b) may be brought "at any time."  Mass. R. Crim. P. 30 (b).

Furthermore, even putting aside this procedural hurdle, the defendant has not shown that there were judicial or prosecutorial errors in his case that made his sentences unjust. As mentioned, the defendant's claim of judicial error is based on the Supreme Judicial Court's failure in Haggerty I to order resentencing upon vacating his murder conviction, which the defendant characterizes as a "procedural irregularity" and an "oversight."  But contrary to the defendant's assertion, an appellate court does not invariably order resentencing if it affirms some convictions but reverses or vacates others resulting from the same trial.  Rather, in that situation, an appellate court will ordinarily remand for resentencing if the sentences were "interdependent," meaning they were part of "an integrated package, each piece dependent on the other, which

6

cannot be separated."  Commonwealth v. Tinsley, 487 Mass. 380, 390 (2021), quoting Commonwealth v. Renderos, 440 Mass. 422, 435 (2003).  Here, there is no basis in the record on which we could conclude that the lack of a resentencing order in Haggerty I resulted not from an application of this principle, but from an oversight.  This is especially so where the court expressly noted in its disposition of the appeal that the defendant was "serving concurrent life sentences" on the convictions that it affirmed.  Haggerty I, 400 Mass. at 443.

As for the asserted prosecutorial error, the defendant argues in his opening brief that the Commonwealth had a duty to move for resentencing after the rescript issued in Haggerty I because, once the murder conviction was vacated, the concurrent sentences on the other convictions "essentially ceased to exist."  In his reply brief, however, the defendant concedes that vacatur of the murder conviction did not invalidate the concurrent sentences.  As the defendant raises no other claim of prosecutorial error, he has failed to show that he is entitled to resentencing on this basis.

2.  Ineffective assistance of counsel.  Accepting that rule 30 (b) is an appropriate vehicle to raise a claim of ineffective assistance of counsel at sentencing, see, e.g., Commonwealth v. Gilbert, 94 Mass. App. Ct. 168, 172, 175 (2018), we conclude

that on this record the defendant failed to meet his burden of proving his claim. The defendant submitted with his motion an affidavit from second postconviction counsel, while representing in his motion that "[e]fforts to obtain additional information from [the defendant's] other counsel [have] proven futile." Second postconviction counsel averred in his affidavit that he did not request resentencing because "[i]t was [his] belief that [the defendant] would be parole-eligible once the first degree murder charges were dismissed, and that he would be paroled soon after the motion was allowed." As the motion judge found, this "was arguably sound strategy."

Ultimately, however, we do not address whether the performance of any of the attorneys was constitutionally deficient because we agree with the motion judge that the defendant failed to demonstrate prejudice. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The motion judge accurately observed that the defendant's motion argued only in conclusory fashion that "it was likely that a Court would have sentenced [the defendant] to a term of years" had any of his attorneys made arguments in favor of mitigation and proportionality. Although the defendant (through his current counsel) presented information at the nonevidentiary hearing about his upbringing and personal circumstances, none of that information was

presented with his motion through affidavits or other documentary evidence. Rather, as the motion judge characterized it, the information "was provided as, essentially, a preview of the mitigation argument counsel would make if the court determined resentencing was warranted."

Moreover, although the defendant attached to his motion an addendum listing what he called "similar cases decided during [the same] time frame," that does not suffice to show prejudice. The sentences imposed in those cases were varied, included life terms, and of course were dependent on the specific facts of each case and the personal circumstances of the individual defendant. Here, the defendant failed to present evidence of any mitigating factors, and the record establishes the existence of aggravating factors, including the defendant's significant criminal history and, notwithstanding the vacatur of the murder conviction, the victim's death. See Commonwealth v. Vega, 54 Mass. App. Ct. 249, 250-251 (2002) (although jury acquitted defendant of causing "ultimate death" of victim, sentencing judge could still consider it as aggravating factor where defendant "set in motion a chain of events in which death was a distinct possibility"). In these circumstances we are unable to conclude that the defendant met his burden of showing that he

was deprived of "an otherwise available, substantial ground of defence."  Saferian, 366 Mass. at 96.

Order dated April 11, 2024,
  denying motion for
  resentencing affirmed.

By the Court (Neyman, Shin &
  Wood, JJ.[3]),

Clerk

Entered:  March 31, 2025.

---

[3] The panelists are listed in order of seniority.