MILLER, COMMONWEALTH vs., 101 Mass. App. Ct. 344

 
 COMMONWEALTH vs. STEVEN C. MILLER.

101 Mass. App. Ct. 344
 March 17, 2022 - July 6, 2022

Court Below: District Court, Woburn Division
Present: Neyman, Shin, & Hand, JJ.

 

No. 20-P-1101.

Harassment Prevention. Protective Order. Practice, Criminal, New trial, Assistance of counsel, Affidavit.

A District Court judge did not abuse her discretion in denying a criminal defendant's motion for a new trial claiming ineffective assistance of counsel based on trial counsel's failure to collect discovery items prior to trial including the victim's cell phone records, where the judge, who was in the best position to assess the credibility and viability of the claims, the supporting affidavits, and the motion itself, found that the victim's cell phone records were consistent with her trial testimony and comported with the Commonwealth's theory of the case as set forth in its bill of particulars, and thus, even if trial counsel's failure to review the cell phone records prior to trial fell below the behavior of an ordinary fallible lawyer, the defendant could not satisfy the "substantial risk" prong of the ineffective assistance test [347-351]; further, this court concluded that where a motion for a new trial was not supported by any affidavit from trial counsel, an affidavit from successor counsel merely averring that trial counsel "refused to support the motion" or "would not cooperate with successor counsel," standing alone, would generally be insufficient to excuse the absence of an affidavit from trial counsel as required under Mass. R. Crim. P. 30 [351-353].

The evidence at the trial of a criminal complaint charging the defendant with violation of a harassment prevention order was more than sufficient to conclude that the defendant had violated the no-contact provision of the order. [353-354]

Complaint received and sworn to in the Woburn Division of the District Court Department on November 16, 2016. 

 The case was heard by J. Elizabeth Cremens, J., and a motion for a new trial, filed on September 24, 2019, also was heard by her. 

 Pamela Lindmark for the defendant.

 Chia Chi Lee, Assistant District Attorney, for the Commonwealth.

 NEYMAN, J. Following a bench trial in the District Court, the defendant, Steven C. Miller, was convicted of violating a harassment 

 Page 345 

prevention order. See G. L. c. 258E, § 9. The defendant filed a motion for a new trial based on ineffective assistance of counsel. After a nonevidentiary hearing, the motion judge, who was also the trial judge, denied the motion. The defendant now appeals from that denial. [Note 1] Where the defendant's motion and supporting affidavits were steeped in speculative and conclusory averments, and where the motion was not supported by any affidavit from trial counsel or sufficient explanation for the absence of such an affidavit, we conclude that the denial of the motion was not an abuse of discretion. We further write to clarify that in motions for a new trial grounded in claims of ineffective assistance of counsel, an affidavit from successor counsel averring that trial counsel "refused to support the motion" or "would not cooperate with successor counsel," standing alone, is generally insufficient to excuse the absence of an affidavit from trial counsel. 

 Background. 1. Facts. We summarize the trial evidence as follows. The defendant's former girlfriend's daughter (the victim) obtained a harassment prevention order out of the District Court, pursuant to which the defendant was ordered not to contact the victim. [Note 2] On November 11, 2016, at approximately 10:50 A.M. while the harassment prevention order was still in effect, the victim, who was at work, received two calls on her cell phone from a number that she did not recognize. She answered and "said hello a couple times." Initially, no one responded. She "said hello again and then [] heard someone say [her name]." Although she recognized the voice as the defendant's from prior conversations in person and on the telephone, she asked, "[W]ho is this[?]" The defendant responded, "This is the guy that jerks off to you every night." She testified that she was one "hundred and ten percent" certain that "it was the defendant calling [her]." She subsequently "Googled" the number from the incoming telephone call and learned "that it came from" the Chili's restaurant in Burlington. 

 Around 11:30 A.M. that same day, Burlington Police Officer Steven Papagno received a dispatch and responded to the victim's place of work. He spoke to the victim, who "[s]eemed very upset, she was crying, shaking heavily, [and] . . . was very noticeably upset . . . ." After their conversation, Officer Papagno contacted 

 Page 346 

the defendant on the telephone, identified himself, and explained that he "was investigating a matter that [the defendant] may be involved in." Before Officer Papagno articulated the nature of the matter, the identity of the victim, or any details relating thereto, the defendant interjected, "Did she say that I called her today[?]" and then said, "Well I didn't." Officer Papagno asked the defendant whether he had been at the Chili's restaurant in Burlington that day. The defendant replied that he "was at home all alone on his couch all day." Officer Papagno asked him if anyone could verify his account. The defendant repeated that "he was home alone all day." The tone of the conversation with the defendant was "[a]rgumentative and very heated."

 Following the incident, Officer Papagno went to the Chili's in Burlington and viewed several hours of video footage from a surveillance camera in or at that Chili's restaurant. [Note 3] He did not see anyone in the video footage that matched the defendant's description. 

 2. Pretrial and trial proceedings. Prior to trial, the defendant's attorney (trial counsel) requested that the prosecution provide a bill of particulars, see Mass. R. Crim. P. 13 (b), as appearing in 442 Mass. 1516 (2004), and filed a motion to suppress. The motion to suppress was denied after a hearing. The bill of particulars provided pretrial by the Commonwealth specified, inter alia, that the telephone number appearing on the victim's cell phone caller identification corresponded with that of the Chili's restaurant in Burlington. [Note 4] 

 The defendant did not testify or call any witnesses on his behalf. The defense relied on cross-examination to elicit 

 Page 347 

inconsistencies in the witnesses' testimony [Note 5] and argued that the victim had a motive to lie and lacked credibility. Following trial, the judge explicitly credited the victim's testimony and the police officer's testimony that the defendant anticipated the reason for the officer's telephone call and found that the Commonwealth had sustained its burden of proving the defendant's guilt beyond a reasonable doubt. 

 3. Posttrial proceedings. After trial, the defendant, represented by successor counsel (appellate counsel), filed several postconviction motions, [Note 6] including a motion for a new trial, accompanied by a memorandum of law, an affidavit from appellate counsel, and his own affidavit. The defendant averred in his affidavit that trial counsel was unprepared, failed to collect discovery items prior to trial including the victim's cell phone records, failed to collect videotapes from the Chili's restaurant, and failed to "put [the defendant] on the stand to testify in [his] own defense." [Note 7] In appellate counsel's affidavit, she averred that she had "one conversation" with trial counsel, and "[a]t that time he told [her] he could not give [her] a copy of his trial file or any materials in it as he had lost his file." Following a nonevidentiary hearing, the judge denied the motion for a new trial in a written memorandum of decision. The defendant timely appealed therefrom. 

 Discussion. 1. Motion for a new trial. The defendant contends that the record establishes trial counsel's ineffective assistance and thus the judge abused her discretion in denying his motion for a new trial. [Note 8] The argument is unavailing.

 Pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 

 Page 348 

(2001), a judge may grant a new trial "if it appears that justice may not have been done." In reviewing the denial of such a motion, "we examine the motion judge's conclusions only to determine whether there has been a significant error of law or other abuses of discretion" (quotation and citation omitted). Commonwealth v. Ferreira, 481 Mass. 641, 648 (2019). See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "Motions for a new trial are granted only in extraordinary circumstances" (citation omitted). Commonwealth v. Comita, 441 Mass. 86, 93 (2004). Where, as here, the motion judge was the trial judge, "[r]eversal for abuse of discretion is particularly rare . . . ." Commonwealth v. Rice, 441 Mass. 291, 302-303 (2004), quoting Commonwealth v. Schand, 420 Mass. 783, 787 (1995). 

 Where a motion for a new trial is based on ineffective assistance of counsel, the defendant must show that the behavior of counsel fell "below that . . . [of] an ordinary fallible lawyer" and that such failing "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "[A]rguably reasoned tactical or strategic judgments" do not amount to ineffective assistance of counsel unless they are "manifestly unreasonable" when made. Commonwealth v. Rondeau, 378 Mass. 408, 413 (1979), quoting Commonwealth v. Adams, 374 Mass. 722, 728-729 (1978). The prejudice standard under the second prong of the Saferian ineffective assistance of counsel test is "effectively the same" as the substantial risk of a miscarriage of justice standard. Commonwealth v. Millien, 474 Mass. 417, 432 (2016). 

 The primary issue raised by the defendant is whether trial counsel's failure to obtain both the victim's and the defendant's cell phone records constituted ineffective assistance. [Note 9] As previously mentioned, the motion was supported by (1) the defendant's 

 Page 349 

affidavit claiming that trial counsel was unprepared and failed to collect the victim's cell phone records "to further establish [he] never called the alleged victim," and (2) appellate counsel's affidavit averring that trial counsel told her that he had lost his file. 

 As the judge hearing the motion for a new trial was also the trial judge, we grant special deference to her decision. See Commonwealth v. Wolinski, 431 Mass. 228, 235 (2000); Commonwealth v. Grace, 397 Mass. 303, 307 (1986). Therefore, our analysis starts with the judge's written findings. Here, the judge found that the victim's cell phone records [Note 10] were consistent with her trial testimony and confirmed that the two telephone calls to her cell phone came from a telephone associated with Chili's restaurant in Burlington; the victim's cell phone records comported with the Commonwealth's theory of the case set forth in the bill of particulars filed by the Commonwealth; defense counsel -- whom the judge observed throughout trial -- "demonstrated a command of the evidence in his arguments and response to arguments"; the defendant did not file any affidavit from his trial counsel; and the defendant's claims failed to detail how trial counsel's alleged shortcomings fell measurably below the standard of an ordinary fallible lawyer or likely deprived the defendant of an otherwise available, substantial ground of defense. 

 The record supports the judge's conclusions. The victim's cell phone records are consistent with her trial testimony that she received two calls from a telephone number associated with Chili's restaurant in Burlington at 10:52 A.M. and 10:53 A.M. The cell phone records also substantiate the Commonwealth's bill of particulars, see Mass. R. Crim. P. 13 (b), which specified that the calls came from a telephone number associated with the Chili's 

 Page 350 

restaurant in Burlington. [Note 11] Accordingly, the use of the victim's cell phone records at trial would have corroborated her testimony and supported the Commonwealth's theory of the case. In addition, trial counsel's strategic cross-examination of the victim and Officer Papagno raised inconsistencies between their accounts of the victim's statements. See note 5, supra. Had trial counsel introduced the victim's cell phone records, he could have undermined anything achieved on cross-examination and bolstered the victim's account. Thus, even assuming arguendo that trial counsel's alleged failure to review the victim's cell phone records prior to trial fell below that of an ordinary fallible lawyer, the defendant cannot satisfy the second or "substantial risk" prong of the ineffective assistance test.

 As to the defendant's cell phone records, the defendant does not articulate what information therein would have supported his defense. He did not include a copy in the appellate record and did not provide an explanation in any affidavit as to what the records would have revealed. Also, neither party contends that the defendant called the victim from his cell phone. Here again, the argument is speculative and conclusory. 

 Furthermore, under our deferential standard of review, we note that the judge was in the best position, both at trial and on the rule 30 motion, to assess the credibility and viability of the underlying claims, the supporting affidavits, and the motion itself. See Wolinski, 431 Mass. at 235. See also Commonwealth v. Upton, 484 Mass. 155, 162 (2020) (motion judge who also conducted trial was in "superior position to assess the credibility of the defendant's claims" [citation omitted]); Commonwealth v. Leng, 463 Mass. 779, 787 (2012) ("judge was not required to accept as true the assertions in the defendant's affidavit. She could evaluate it in light of such factors as bias and self-interest and reject the affidavit as not credible"); Commonwealth v. White, 409 Mass. 266, 277 (1991) ("Unlike this court, the trial judge had the opportunity to observe and evaluate all of the witnesses at trial, as well as defense counsel . . . . We will not disturb [her] judgment"). [Note 12]

 Page 351 

 In this regard, the absence from the defendant's moving papers of an affidavit from trial counsel or averment from appellate counsel explaining the absence of any such affidavit is conspicuous and significant. See Commonwealth v. Williams, 71 Mass. App. Ct. 348, 361 n.14 (2008), quoting Commonwealth v. Thurston, 53 Mass. App. Ct. 548, 553-554 (2002) ("defendant's claim in his affidavit that trial counsel was ineffective in his preparation is 'conspicuously marred' by his failure to file an affidavit from his attorney, or to even indicate that he sought to obtain an affidavit from counsel"). See also Commonwealth v. Gonzalez, 443 Mass. 799, 809 n.10 (2005) ("It is significant that there is no affidavit from trial counsel to inform us of his strategic reasons for these decisions"). We take the opportunity to further clarify the implications of the absence of trial counsel's affidavit, and related issues. 

 2. Affidavit requirement. Under rule 30, a moving party generally must file and serve affidavits in support of its position. See Mass. R. Crim. P. 30 (c) (3). [Note 13] Massachusetts courts have reaffirmed that "[a] judge may deny a motion for a new trial without an evidentiary hearing where the moving party 'suspicious[ly] fail[s] to provide pertinent information from an expected and available source.'" Upton, 484 Mass. at 162-163, quoting Commonwealth v. Goodreau, 442 Mass. 341, 354 (2004). See Leng, 463 Mass. at 787; Gonzalez, 443 Mass. at 809 n.10; Thurston, 

 Page 352 

53 Mass. App. Ct. at 553-554. 

 We have also recognized, in the context of ineffective assistance claims, that "a judge reasonably may draw a negative inference in many . . . cases and conclude that there is no affidavit from counsel because a truthful affidavit would not assist the defendant." Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 551 (2014). However, we have cautioned that "other situations" may exist where the failure to provide an affidavit from prior counsel may be excused. Id. For example, we have recognized that prior counsel may repeatedly refuse to respond to communications from successor counsel or may refuse to provide an affidavit despite having favorable information to assist the former client. See id. (noting possible scenarios where prior counsel may be reluctant to cooperate with ineffective assistance allegation or where prior counsel refuses to respond to any communications from successor counsel). In such situations, the absence of an affidavit generally will not, standing alone, defeat a claim of ineffective assistance of counsel. See id. ("the lack of an affidavit [from uncooperative prior counsel] cannot be a talisman that, by itself, defeats a claim of ineffective assistance of counsel").

 The present case does not constitute an "other situation" where the failure to provide an affidavit from trial counsel may be excused. Here, appellate counsel averred in her affidavit that she had "one conversation" with trial counsel in which he stated that he had lost his file. Absent from appellate counsel's affidavit was any averment explaining the absence of trial counsel's affidavit. See Williams, 71 Mass. App. Ct. at 361 n.14 (2008); Thurston, 53 Mass. App. Ct. at 553-554. It is true that appellate counsel advised the judge at the hearing on the motion for a new trial that she "did contact [trial counsel] in this matter" and "did speak to him in depth. He refused to provide any support." The defendant contended, at oral argument, that appellate counsel's representation as an officer of the court sufficed to explain trial counsel's inaction. We disagree. 

 As discussed, rule 30 requires the filing of written affidavits. See Mass. R. Crim. P. 30 (c) (3); E.B. Cypher, Criminal Practice and Procedure § 42.33 (4th ed. 2014) ("Under the [r]ule, the moving party must file and serve on the other party affidavits in support of his position"). Even assuming that a verbal representation of counsel could in theory be an adequate substitute, the representation here was too ambiguous to suffice. Specifically, appellate counsel represented to the judge only that trial counsel 

 Page 353 

"refused to provide any support." This statement, standing alone, is generally insufficient to excuse the absence of an affidavit from trial counsel. An affidavit stating that trial counsel "refused to support the motion" or "would not cooperate with successor counsel," without more, is inherently vague and susceptible to varied interpretations. There are myriad reasons why trial counsel may refuse to "support" a motion for a new trial based on ineffective assistance of counsel. In the present case, for example, it is conceivable that trial counsel "refused to provide any support" because he could not recall the events at issue or did not want to support the defendant's claim. However, it is also possible that trial counsel's affidavit would have contradicted, undermined, or refuted the defendant's claims. It is notable, here, that appellate counsel did not even aver that she sought to obtain an affidavit from counsel. [Note 14] See Williams, 71 Mass. App. Ct. at 361 n.14. Likewise, she did not aver that trial counsel was unwilling to discuss his trial strategy or unwilling to provide an affidavit. Without an affidavit detailing the facts surrounding trial counsel's refusal to provide support or cooperate with the motion, we have no basis to overrule the judge's discretionary determination. [Note 15] See White, 409 Mass. at 277. 

 3. Sufficiency of the evidence. The defendant also argues that the judge erred in denying his motion for a required finding of not guilty. The facts delineated supra refute the defendant's claim. The victim recognized the defendant's voice during the telephone call, and the defendant's unprompted comment to Officer Papagno reasonably could have been construed as an admission and as evidence of incriminating knowledge. See Commonwealth v. Bonomi, 335 Mass. 327, 347 (1957). Viewed in the light most favorable to the Commonwealth, this evidence was more than sufficient to conclude that the defendant violated the no-contact 

 Page 354 

provision of the harassment prevention order. Thus, the judge did not err in denying the motion for a required finding of not guilty. See Commonwealth v. Latimore, 378 Mass. 671, 676-678 (1979).

Judgment affirmed.

Order denying motion for a new trial affirmed.

FOOTNOTES
[Note 1] The defendant also appeals from the judgment, arguing that the judge erroneously denied his motion for a required finding of not guilty at the close of the Commonwealth's case. 

[Note 2] The harassment prevention order was marked as an exhibit at trial. 

[Note 3] At trial, the surveillance video was also referenced as "close circuit television surveillance." There was no evidence specifying the location of the surveillance cameras, whether the cameras were located inside or outside the restaurant, whether the restaurant had one or multiple surveillance cameras, or whether the restaurant had multiple entrances and exits. A copy of the video footage was neither offered nor entered in evidence at trial. The record does not indicate whether anyone made a copy of the video footage or preserved the original. 

[Note 4] In the bill of particulars provided to the defendant in pretrial discovery, the Commonwealth indicated that the telephone call to the victim came from a specified number. As discussed supra, the victim "Googled" that number and learned that the call "came from" a telephone associated with the Chili's in Burlington. 

[Note 5] The victim testified that she received two calls from an unknown number that she later learned was that of the Chili's restaurant. On cross-examination, she denied receiving any calls from the defendant's cell phone and denied telling Officer Papagno that she had received two calls from the defendant's cell phone. By contrast, on cross-examination, Officer Papagno testified that the victim told him that she had received two telephone calls from the defendant's cell phone. 

[Note 6] The defendant also filed a motion for exculpatory evidence and a motion for forensic and scientific testing. He raises no issues regarding these motions on appeal. 

[Note 7] On appeal, the defendant does not pursue his claims regarding trial counsel's alleged failures to collect surveillance videotapes or to call the defendant to testify at trial. 

[Note 8] The defendant does not contend that the judge abused her discretion by deciding the motion for a new trial without holding an evidentiary hearing. For the reasons discussed infra, the defendant's motion and supporting affidavits did not raise a substantial issue, and thus the judge did not abuse her discretion in denying the motion on the written submissions. See generally Commonwealth v. Amaral, 482 Mass. 496, 509 (2019) (where motion judge was also trial judge, "judge's finding that the defendant's motion and affidavit did not raise a substantial issue is entitled to substantial deference, . . . and the judge could properly use [her] knowledge and evaluation of the evidence at trial in determining whether to decide the motion for a new trial without an evidentiary hearing" [citation omitted]). 

[Note 9] The defendant also claims that trial counsel was ineffective in failing to object to the Commonwealth's motion in limine to admit prior bad act evidence and failing to present the transcript from a hearing at which a different judge declined to issue a harassment prevention order in favor of the victim vis-à-vis the defendant. The arguments are without merit. As to the prior bad acts evidence, the defendant does not specify what prior acts, if any, were improperly admitted at trial. Moreover, the transcript reflects that trial counsel did object to the admission of certain prior bad act evidence, and that, other than the single statement that in June 2016 the defendant had made a comment of a sexual nature to the victim on the telephone, explanatory evidence was not admitted at trial. As to the transcript from the harassment prevention order hearing, the defendant does not explain how the hearsay document would have been admissible at trial or how it could have been used to impeach the victim's credibility at trial. The claim is speculative at best. 

[Note 10] The victim's cell phone records were produced pursuant to posttrial discovery requests. Although a different judge had ordered the production of these records before trial pursuant to Mass. R. Crim. P. 17, 378 Mass. 885 (1979), they "were not received prior to trial." 

[Note 11] The defendant does not challenge the authenticity or accuracy of the victim's cell phone records and does not dispute that the telephone number from the incoming calls corresponds to the Chili's in Burlington. 

[Note 12] The defendant's repeated comparison to Commonwealth v. Alcide, 472 Mass. 150 (2015), is unpersuasive. In that case, there was "no dispute that the defendant's counsel did not prepare for trial in an adequate manner." Id. at 151. Defense counsel did not familiarize himself with the Commonwealth's discovery file, did not conduct any independent investigation of the case, did not consider seeking exclusion of any evidence in the case, and failed to object to in-court identifications that could have been excluded. Id. Furthermore, deference on appeal was not afforded to the motion judge in that case because she did not assess the defendant's claim under appropriate standards. Id. at 159. Also, under G. L. c. 278, § 33E, review, the Supreme Judicial Court held that "it would be unfair for the defendant's conviction of murder in the first degree to rest on a trial at which his defense was presented so poorly and incompletely." Alcide, supra at 169. Here, by contrast, the trial and pretrial transcripts reveal that trial counsel raised appropriate objections, filed and argued a pretrial motion to suppress, and sought and was provided a bill of particulars. Furthermore, the motion judge explicitly found, and the record supports, that trial counsel "demonstrated a command of the evidence in his arguments and response to arguments." Also, there is no allegation in the present case that the judge applied incorrect legal standards in her analysis. Id. at 159. Finally, for the reasons discussed supra, the alleged failures of trial counsel did not prejudice the defendant or create a substantial risk of a miscarriage of justice. 

[Note 13] Mass. R. Crim. P. 30 (c) (3) provides in relevant part: "Moving parties shall file and serve and parties opposing a motion may file and serve affidavits where appropriate in support of their respective positions" (emphasis added). 

[Note 14] We acknowledge that appellate counsel may have had strategic reasons for couching her representation in the manner chosen. That notwithstanding, her statement that trial counsel refused to "provide support," standing alone, does not suffice to explain the absence of trial counsel's affidavit within the meaning of our precedent. See Thurston, 53 Mass. App. Ct. at 553-554. 

[Note 15] We recognize that there may be innumerable fact-driven scenarios where trial counsel may decline to provide support for a motion alleging ineffective assistance of counsel. Thus, the level of detail required in appellate counsel's affidavit may be dictated by the circumstances of each case. In general, however, a statement that trial counsel would not support the motion, standing alone, will not suffice. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.