NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-916

COMMONWEALTH

vs.

FRANCISCO TEJADA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant Francisco Tejada appeals from the denial of his motion for a new trial, following a jury trial in which he was convicted of multiple counts of aggravated rape of a child and indecent assault and battery.[1] The victims of these acts were three members of Tejada's family -- his stepdaughter and two of the stepdaughter's cousins. The argument that Tejada made in his motion for new trial, and that he presses on appeal, is that he received ineffective assistance of counsel because his trial counsel did not move to sever the counts relating to

---

[1] The defendant also filed a direct appeal of his conviction, which was consolidated with this appeal. However, he makes no separate arguments with respect to his direct appeal.

each victim.  The motion judge, who was also the trial judge, denied the motion, concluding that ineffective assistance had not been demonstrated.  We discern no abuse of discretion, and accordingly affirm.

Background.  In September 2019, Tejada was convicted by a jury of sexual offenses committed against his stepdaughter, Jane Doe 1, and his stepdaughter's cousins, Jane Doe 2 and Jane Doe 3.  Jane Doe 1 was born in 1997.  Sometime between 2006 and 2009, when Jane Doe 1 was between nine and twelve years old, Tejada forced Jane Doe 1 into sexual intercourse.  Thereafter, while Jane Doe 1 was still in elementary school, Tejada began to force Jane Doe 1 into sexual intercourse on a monthly basis. Tejada would require sexual acts, for example, as a condition to allowing Jane Doe 1 to do things such as go out with friends. Tejada's rapes persisted until Jane Doe 1 was in the tenth or eleventh grade, at which point she stopped complying with defendant's demands for sexual acts.

Jane Doe 2, who is Jane Doe 1's cousin, was four years younger than Jane Doe 1, born in May of 2001.  Tejada indecently assaulted Jane Doe 2 several times.  One time, for example, when she was middle school aged or younger, Jane Doe 2 fell asleep in her aunt's living room, and she woke to find Tejada standing over her and running his hand up her stomach toward her breasts. Another time, while Jane Doe 2 was in middle school, she was

2

visiting her aunt and went to pick up the mail downstairs. When she turned to return upstairs, Tejada was leaning against the door that went upstairs. Jane Doe 2 tried to go past Tejada, but he grabbed her and squeezed her breasts with his hands. Jane Doe 2 also testified that on a family trip, Tejada entered a pool with her and touched her buttocks and vagina; however, this assault was not the basis of any charges against Tejada. At the time, Tejada claimed as to the incident in the pool that he was "playing around."

Jane Doe 3, who is the cousin of Jane Doe 1 and Jane Doe 2, is the same age as Jane Doe 1. When Jane Doe 3 was fourteen, Tejada kissed her on the mouth and touched her on the buttocks.

In 2016, Tejada was indicted on five counts of aggravated rape of a child, G. L. c. 265, § 23A (counts 1-5); five counts of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B (counts 6-10); one count of rape, G. L. c. 265, § 22 (count 11); and two counts of indecent assault and battery on a person fourteen or older, G. L. c. 265, § 13H (count 12-13). Jane Doe 1 was the victim for counts 1-8 and 11; Jane Doe 2 was the victim for counts 9-10; and Jane Doe 3 was the victim for counts 12-13.[2]

---

[2] The Commonwealth nol prossed count 5 prior to trial, and nol prossed counts 4 and 10 on the last day of trial.

In August 2019, the Commonwealth moved to join additional charges for which the defendant had been arraigned in June 2019. These charges alleged sexual abuse of two other victims who were not part of Tejada's family. The defendant opposed the motion, and the judge denied the motion for joinder, concluding among other things that it was not clear that the new offenses were "related offenses" within the meaning of Mass. R. Crim. P. 9, 378 Mass. 859 (1979).

The defendant was tried in September 2019. After the Commonwealth rested, the defendant moved for a required finding of not guilty on counts 11 and 13, and the judge granted the motions. The jury returned guilty verdicts on the remaining charges, which included at least one charge as to each victim.

Tejada filed his motion for a new trial in July 2022, arguing that trial counsel was ineffective for failing to seek severance. The motion was accompanied by an affidavit from the defendant. Notably, however, there was no affidavit from trial counsel. The motion judge, who was also the trial judge, denied the motion. The judge determined that trial counsel's lack of a motion to sever was a strategic choice. The judge based this conclusion in part on trial counsel's successful opposition to the Commonwealth's motion to join additional charges, which demonstrated counsel's familiarity with the law of joinder and

4

suggested that his decision not to file a motion to sever the charges was strategic.

In conducting his analysis, the judge noted the difficulty in evaluating trial counsel's conduct without an affidavit from trial counsel explaining his decision not to move for severance. The judge also concluded that when viewed as a strategic choice, trial counsel's decision not to sever the charges was not manifestly unreasonable, given that the defense strategy was to depict all three victims as liars and that trying the charges together allowed counsel to expose inconsistencies in the testimony of the victims and other witnesses. Indeed, the judge noted that the strategy was "somewhat effective." The judge also ruled that Tejada could not show that trial counsel's failure to file a motion to sever deprived him of an otherwise available ground of defense.

Discussion. Tejada argues that the judge abused his discretion by denying the motion for a new trial. He asserts that the judge should have held an evidentiary hearing, and that the failure to do so was reversible error. "We review a judge's decision to deny a motion for a new trial without holding an evidentiary hearing 'for a significant error of law or other abuse of discretion.'" Commonwealth v. Upton, 484 Mass. 155, 162 (2020), quoting Commonwealth v. Bonnett, 482 Mass. 838, 843-844 (2019). "Where the motion judge was also the trial judge,

5

'we give special deference to the judge's findings of fact and the ultimate decision on the motion'" (quotations omitted). Commonwealth v. Corey, 493 Mass. 674, 684 (2024), quoting Commonwealth v. Kolenovic, 471 Mass. 664, 672-673 (2015).

To establish ineffective assistance, Tejada must show that there was "serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer"; Tejeda must also show that such incompetency "has likely deprived [Tejada] of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). See Commonwealth v. Peloquin, 437 Mass. 204, 210 (2002) ("The burden is on the defendant to meet both prongs of the test"). "[S]trategic or tactical judgments of counsel will not be second guessed unless the judgment is shown to be 'manifestly unreasonable.'" Peloquin, 437 Mass. at 210, quoting Commonwealth v. Adams, 374 Mass. 722, 728 (1978).

Tejada argues that his trial counsel's failure to move to sever the charges arising from crimes against separate victims was manifestly unreasonable -- that is, seriously incompetent -- as a trial tactic. He contends that the motion to sever likely would have been successful, in that the charges against each victim were not "related offenses" within the meaning of Mass. R. Crim. P. 9 (a), 378 Mass. 859 (1979), but instead involved

6

distinct types of alleged sexual behavior, and three different victims, over a lengthy time frame.  Furthermore, Tejada argues that testimony from each of the victims would not have been admissible at separate trials regarding the other victims; thus, that trial counsel's failure to move for severance could not have been a reasonable trial tactic, where it resulted in the admission of otherwise inadmissible evidence of prior acts of sexual assault, narrated by different but related witnesses.

In evaluating whether trial counsel's representation fell measurably below what would be expected, we first consider whether trial counsel's failure to file a motion to sever was a strategic or tactical decision.  Here, the judge found that trial counsel's decision was likely strategic or tactical.  We give that determination deference, particularly where the motion judge was also the trial judge (and where the defendant submitted no affidavit from trial counsel).  See Corey, 493 Mass. at 684 (appellate court grants special deference to factual findings of motion judge when he was also trial judge).  The judge could reasonably infer that trial counsel was knowledgeable regarding the law of joinder and severance, given that trial counsel successfully opposed the Commonwealth's 2019 motion to join additional charges.  The motion judge was not required to credit the defendant's assertion, in his affidavit, that trial counsel did not inform him that he had made the

7

strategic decision not to seek severance. See Commonwealth v. Shepherd, 493 Mass. 512, 537 n. 39 (2024).[3]

We next consider whether trial counsel's decision not to file a motion to sever, as a strategic decision, was manifestly unreasonable. In that regard we evaluate whether trial counsel's decision was rational, "taking into account all the circumstances known or that should have been known to counsel in the exercise of his duty to provide effective representation to the client . . . ." Kolenovic, 471 Mass. at 674-675. Our review of counsel's strategic decisions is limited temporally, "by requiring a focus on the point in time when counsel made the challenged strategic decision," and substantively, as tactics are only manifestly unreasonable if "lawyers of ordinary training and skill in the criminal law would not consider [them] competent" (citations omitted). Id. at 674.

We discern no error in the judge's conclusion that trial counsel's decision was not manifestly unreasonable. The fundamental weakness in the defendant's position is that the judge was not provided with trial counsel's reasoning, or the factors trial counsel considered in reaching his strategy. The defendant argues that a motion to sever likely would have been

---

[3] We note that this affidavit has not been presented to this court on appeal. See Commonwealth v. Bernier, 366 Mass. 717, 720 (1975).

8

successful, and would thereby have eliminated prejudicial evidence from the separate trials as to each Jane Doe. However, trial counsel also had to consider what effect a successful motion would have on his overall trial strategy. According to the defendant's argument, a successful motion to sever would have meant that Jane Doe 2 and Jane Doe 3 would not have testified. However, the judge found that trial counsel's strategy was to depict each of the cousins/victims as liars, such that joinder of the cases aided trial counsel's strategy by allowing trial counsel to expose inconsistencies among the accounts given by the victims and other witnesses. Again, we defer to the judge's finding that this tactic was "somewhat effective."[4]

Moreover, there may have been other circumstances that trial counsel considered, that would not have been apparent from the record. For example, trial counsel also would have had to consider any directions from the defendant as to whether the defendant wished to go through multiple separate trials

---

[4] Under the circumstances we need not determine whether a motion to sever would have been successful, if made, or whether the testimony of each victim would have been admitted in the separate trials regarding the other victims. A trial judge has considerable discretion in allowing, or not allowing, joinder. See Commonwealth v. Pillai, 445 Mass. 175, 179-180 (2005). Here the judge found that the decision not to seek severance was strategic and not manifestly unreasonable, and the defendant provided no evidence from trial counsel as to either issue.

9

involving members of his family.  On this record, we simply do not know what considerations influenced trial counsel.

"A judge may deny a motion for a new trial without an evidentiary hearing where the moving party 'suspicious[ly] fail[s] to provide pertinent information from an expected and available source.'"  Upton, 484 Mass. at 162-163, quoting Commonwealth v. Goodreau, 442 Mass. 341, 354 (2004).  "We have also recognized, in the context of ineffective assistance claims, that 'a judge reasonably may draw a negative inference in many . . . cases and conclude that there is no affidavit from counsel because a truthful affidavit would not assist the defendant.'"  Commonwealth v. Miller, 101 Mass. App. Ct. 344, 352 (2022), quoting Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 551 (2014).

There are situations in which the absence of an affidavit from trial counsel may be excused, such as where trial counsel refuses to provide an affidavit despite having favorable information.  Miller, 101 Mass. App. Ct. at 352.  This case does not present such a situation.  Tejada has not presented any affidavit explaining what, if any, attempts he made to obtain an affidavit from trial counsel.  See id. at 353 ("Without an affidavit detailing the facts surrounding trial counsel's refusal to provide support or cooperate with the motion, we have no basis to overrule the judge's discretionary determination").

10

In sum, the judge did not err in denying the motion for new trial where the record did not demonstrate that trial counsel acted manifestly unreasonably in not filing a motion to sever.[5]

Judgments affirmed.

Order denying motion for new trial affirmed.

By the Court (Englander, Hershfang & Brennan, JJ.[6]),

Clerk

Entered:  January 30, 2025.

---

[5] As the judge did not err in determining that counsel's performance was not ineffective, we need not address whether Tejada suffered any prejudice.

[6] The panelists are listed in order of seniority.

11