NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-183

COMMONWEALTH

vs.

DAVID ANTONETTY-ALMESTICA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of the second degree murder of Angel Camacho, in violation of G. L. c. 265, § 1; witness intimidation, in violation of G. L. c. 268, § 13B; and two counts of assault and battery by means of a dangerous weapon, in violation of G. L. c. 265, § 15A (b).  The defendant thereafter filed a motion for a new trial, which was denied by the trial judge after an evidentiary hearing.  On appeal, the defendant claims that he received ineffective assistance of counsel, a question posed to the defendant on cross-examination created a substantial risk of a miscarriage of

justice, and that other evidentiary errors warrant granting him a new trial.[1]  We affirm.

1.  Effective assistance.  The defendant claims that it constituted ineffective assistance when trial counsel failed to move to exclude evidence of two knives and a bloody shoe.  As a result, the defendant claims he is entitled to a new trial.  We disagree.

"Motions for a new trial are granted only in extraordinary circumstances."  Commonwealth v. Comita, 441 Mass. 86, 93 (2004).  We review "the denial of a motion for a new trial to determine whether the motion judge has committed a significant error of law or an abuse of discretion."  Commonwealth v. Deschaine, 77 Mass. App. Ct. 506, 512 (2010).  We will only reverse if "no conscientious judge, acting intelligently, could honestly have taken the view expressed by [the judge]."  Id., quoting Commonwealth v. Clemente, 452 Mass. 295, 304 (2008), cert. denied, 555 U.S. 1181 (2009).

When a defendant moves for a new trial based on ineffective assistance of counsel, the defendant must establish that "the representation fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that the

_____

[1] The defendant also appealed from an order denying his motion to set aside the verdict, however, he has not made any specific argument in his brief with respect to that order.

2

performance inadequacy 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Kolenovic, 471 Mass. 664, 673 (2015), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

With regard to the defendant's claim for ineffective assistance of counsel, his central argument is that had trial counsel moved in limine to exclude evidence of the two knives and the shoe, the motion would have been successful. However, rather than focusing our review on the likelihood of the success of the motion,[2] the operative questions before us are whether it was manifestly unreasonable for trial counsel to decide to not move to exclude this evidence, and whether it would have influenced the jury's decision.

"In cases where tactical or strategic decisions of the defendant's counsel are at issue, we conduct our review with some deference to avoid characterizing as unreasonable a defense that was merely unsuccessful." Kolenovic, 471 Mass. at 673, quoting Commonwealth v. Valentin, 470 Mass. 186, 190 (2014). "[A]rguably reasoned tactical or strategic judgments do not

---

[2] The defendant cites to a line of cases following Commonwealth v. Barbosa, 463 Mass. 116 (2012), in support of his argument that the knives, neither of which was the murder weapon, would have been excluded had trial counsel so moved. Although we do generally caution against the admission of evidence related to weapons that definitively were not used in the crime, it is still within the judge's discretion to admit or exclude them. See id. at 122-123.

3

amount to ineffective assistance of counsel unless they are manifestly unreasonable when made" (quotation and citation omitted).  Commonwealth v. Miller, 101 Mass. App. Ct. 344, 348 (2022).  "The manifestly unreasonable test . . . is essentially a search for rationality in counsel's strategic decisions." Kolenovic, supra at 674.

At the evidentiary hearing on the motion for a new trial, trial counsel testified that after he tried to exclude consciousness of guilt evidence, i.e., the events "in Springfield," and was unsuccessful, he did not see any "constitutional" justification to support an attempt to exclude the items found in the Jeep, namely a knife and a bloody shoe. With regard to the knife found in the defendant's bedroom, trial counsel again noted that he "didn't see a constitutional issue to its seizure," and furthermore, counsel said it appeared from grand jury testimony that the knife was found with the defendant, so he would not be successful in arguing that the knife lacked a nexus to the defendant.  Lastly, during the motion in limine hearing, the motion judge noted that "where [the defendant is] found and the items he's found with . . . are relevant to [the] Commonwealth's case" and that those items should be included in evidence.  Considering these statements by the judge, it was not manifestly unreasonable for the

4

defendant's trial counsel to not move to exclude the knives and shoe.

Furthermore, the defendant's trial counsel decided to adopt the knives and shoe into his theory of the case, which was that the police "investigation was not credible." He used the "overwhelming amount of untested evidence" to criticize the investigation, and the inclusion of the two knives and the bloody shoe in evidence aided him in conveying that criticism. For instance, counsel cross-examined a trooper regarding the lack of forensic evidence on the knife in the bedroom where the defendant had slept. There was also evidence that the shoe found in the jeep did not likely belong to the defendant. Furthermore, trial counsel was successful in striking a significant amount of the testimony given by one of the responding officers. In fact, trial counsel characterized an officer's testimony on cross as becoming "unraveled . . . because it was all being contradicted," and that the officer "back[ed] out of all [his] prior statements." Given these facts, as the motion judge found, trial counsel's strategic choices were not manifestly unreasonable and rather aided in conveying his theory of the case to the jury, i.e., that the police investigation was incompetent. The fact that "[c]ounsel's strategic choices [simply] did not yield an outcome

5

favorable to the defendant" is not enough to warrant a new trial. Kolenovic, 471 Mass. at 675.

Even assuming the admission of such evidence was erroneous and trial counsel's representation fell below the standard expected, the defendant still failed to establish the second prong of the effective assistance test, which is effectively that a substantial risk of a miscarriage of justice was created. See Commonwealth v. Millien, 474 Mass. 417, 432 (2016); Commonwealth v. Moreno, 102 Mass. App. Ct. 321, 328 (2023). At the hearing on the motion for a new trial, the defendant claimed that the Commonwealth's purpose of introducing the knives and the bloody shoe was to associate the defendant with people who have knives. Even without these pieces of evidence, the incremental prejudice flowing from its admission was negligible where, as the motion judge found, there was ample other evidence that the defendant's life involved danger. Also, the motion judge appropriately noted that the defendant testified at trial that he was "dealing crack," which would be an indication that he spends time with criminals. The defendant also agreed on cross-examination that drug dealing is a dangerous business.

Finally, given the strength of the Commonwealth's case, which included the testimony of two eyewitnesses to the victim's

6

death,[3] we do not have a "serious doubt whether the result of the trial might have been different" had the evidence been excluded (citation omitted).  Valentin, 470 Mass. at 189.  In other words, the defendant has failed to show that "better work might have accomplished something material for the defense." Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977).[4]

2.  Google search testimony.  Next, the defendant claims that on cross-examination of the defendant, the prosecutor improperly asked him, "And you typed[,] searching for 'stabbing at North Front and Tallman' in English."  The defendant's phone records indicate that he actually searched for "North Front Street and Tallman Street news homicide," and did not use the word "stabbing."  Because there was no objection to this

---

[3] Meagan Fisher testified that she witnessed the defendant stab the victim.  Also, John Medeiros testified that he saw the defendant with a knife during the altercation leading up to the victim's death.

[4] The defendant also claims that several of the motion judge's factual findings underlying the ineffective assistance of counsel claim were clearly erroneous.  We disagree.  When reviewing findings of fact in a decision denying a motion for a new trial, we must accept the judge's findings of fact if there is evidence in the record to support them, Commonwealth v. Antone, 90 Mass. App. Ct. 810, 814 (2017), and "[w]here, as here, the motion judge was also the trial judge, we afford particular deference to the judge's factual findings" (quotation and citation omitted).  Commonwealth v. Ware, 482 Mass. 717, 721 (2019).  The challenged findings all have support in the record, and the defendant's argument largely amounts to a dispute of the credibility of witnesses and of the weight the judge gave to certain evidence.

question, we review for error, and if one occurred, whether it created a substantial risk of miscarriage of justice.[5] See Commonwealth v. Randolph, 438 Mass. 290, 295-296 (2002). We conclude that it did not.

The defendant's concern with the prosecutor's question is that it may have led the jury to believe that the defendant knew the victim had been stabbed before his arrest, contradicting his earlier testimony and suggesting his culpability in the stabbing. Even if the question had been more properly worded, it was not asked in bad faith. Although the defendant did not use the word "stabbing," in his Google search, he did use the word "homicide" and clicked on a news article stating that a forty-seven year old New Bedford man had recently died of stab wounds. As the motion judge held, this belies the defendant's testimony that he did not know the victim had been stabbed until he was at the police station when he was arrested. Thus, the prosecutor's improperly worded question did not create a substantial risk of a miscarriage of justice.

---

[5] As stated above, it is of no moment that the defendant also frames the issue as one of ineffective assistance for trial counsel's failure to object. See Commonwealth v. Curtis, 417 Mass. 619, 624 n.4 (1994) (if counsel's omission does not present substantial risk of miscarriage of justice, no basis for ineffective assistance of counsel claim under either Federal or State Constitution).

3. "King C" testimony. The defendant also claims that it was an abuse of discretion for the judge to allow the prosecutor, over objection, to ask the defendant who "King C" was as listed in his cell phone directory. We disagree.

As stated above, "[m]otions for a new trial are granted only in extraordinary circumstances," Comita, 441 Mass. at 93, and we "examine the motion judge's conclusions only to determine whether there has been a significant error of law or other abuses of discretion" (citation omitted). Commonwealth v. Ferreira, 481 Mass. 641, 648 (2019). Here, where the challenge is to an evidentiary decision, we review for an abuse of discretion. Simmons v. Chace, 105 Mass. App. Ct. 550, 555 (2025). A decision constitutes an abuse of discretion where "we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotations and citations omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

While the defendant had concerns that the name "King" might implicate him having ties to the gang known as "the Latin Kings," the judge, well within his discretion, determined that

"the name King is [not] automatically a gang reference."[6]
Furthermore, there was no evidence put forth by the Commonwealth that the defendant was affiliated or participated in any gang activity, the Commonwealth did not reference the Latin Kings throughout trial, and the judge explicitly excluded gang references.  In addition, the Commonwealth did not enter evidence of other contact names including the name "King."  Since gang references were excluded, and "King" could be a nickname or someone's last name, the allowance of testimony regarding the contact's name of "King C" was not an abuse of discretion.

4.  Cumulative effect of alleged errors.  Lastly, the defendant argues that the evidence in cumulation poses a substantial risk of a miscarriage of justice.  Given our conclusions above, the defendant's claim that the alleged errors

_____

[6] The judge offered to strike the reference to "King" after the fact, but trial counsel declined so as to not bring attention to it.

cumulatively created a substantial risk of a miscarriage of justice must also fail.[7]

        <u>Judgments affirmed</u>.

        <u>Order denying motion to set aside verdict affirmed</u>.

        <u>Order denying motion for new trial affirmed</u>.

        By the Court (Blake, C.J., Meade & Tan, JJ.[8]),

*Paul Little*

        Clerk

Entered:  March 12, 2026.

---

[7] The defendant's citation to <u>Commonwealth</u> v. <u>Rosario</u>, 477 Mass. 69, 77-78 (2017), as support for his cumulative error claim is not persuasive.  <u>Rosario</u> outlines an example where an appellate court will affirm an order granting a new trial "even though none of the usual reasons for doing so (e.g., constitutional error, newly discovered evidence, or ineffective assistance of counsel) were present."  <u>Id</u>. at 78.  In <u>Rosario</u>, and in the cases cited therein, see <u>id</u>., the procedural posture was materially different from here where the motion judge denied the motion for a new trial.

[8] The panelists are listed in order of seniority.